UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81134-CIV-COHN/VALLE

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

    Plaintiff,

v.

FLORIDA CRYSTALS CORPORATION
and SUGAR FARMS CO-OP,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS**

**THIS CAUSE** is before the Court upon Defendants' Renewed Motion for Judgment on the Pleadings [DE 89] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 90], Defendants' Reply [DE 93], and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court will grant in part and deny in part the Motion.

**I.    BACKGROUND**

This case involves a dispute over insurance coverage in a related state-court action. Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is an insurance company. DE 1 (Complaint) ¶ 3. In late 2012, Plaintiff issued an insurance policy (the "Policy") to a third party, Fanjul Corp. Id. ¶ 10. Defendants Florida Crystals Corporation ("Florida Crystals") and Sugar Farms Co-op ("Sugar Farms") are insured under the Policy. Id. ¶ 1.

On October 24, 2013, Date Palm Wholesalers, Inc. ("Date Palm"), sued Defendants in state court (the "Date Palm Action"). Id. ¶ 12.  Date Palm operates a commercial nursery in Palm Beach County. Id. ¶ 13.  Defendants own and maintain nearby sugar-cane growing and processing operations. Id. ¶¶ 14–15.

Defendants contract with a company specializing in the aerial application of pesticides, Roma Air Corp. ("Roma"), to apply pesticides and herbicides at their operations. Id. ¶¶ 16, 18.  The Complaint in the Date Palm Action alleges that in March 2013, Defendants directed Roma to spray a powerful herbicide on a large area of land. See DE 31-1 ("Date Palm Complaint") ¶ 15.  This area included not only Defendants' operations, but also Date Palm's nursery. Id. ¶¶ 17–19.  The herbicide damaged many of Date Palm's trees. Id. ¶¶ 20–22.  Date Palm thus sued Defendants and Roma for negligence, strict liability, and trespass. Id. ¶¶ 25–78.

Plaintiff subsequently commenced the instant lawsuit, seeking a declaration that the Policy imposes no duty to defend or indemnify Defendants in the Date Palm Action, which has recently settled. See Compl. ¶¶ 25–65; DE 94.  Plaintiff's Complaint advances numerous theories as to why the claims in the Date Palm Action fall outside the Policy's scope.  On March 30, 2015, the Court dismissed with prejudice Count I of Plaintiff's Complaint, which sought a declaration that Plaintiff had no duty to defend Defendants in the Date Palm Action because the Date Palm Complaint did not set forth an "occurrence" within the meaning of the Policy. See DE 45.  The Court allowed the remainder of Plaintiff's claims to proceed. See id.  Defendants filed their Answer, Affirmative Defenses, and Counterclaim on April 17, 2015. See DE 50.  Count I of Defendants' Counterclaim seeks a declaration that the Date Palm Complaint alleges an

occurrence and that Plaintiff owes Defendants a duty to defend and indemnify Defendants in the Date Palm Action.  See id.  Plaintiff filed its Answer to Defendants' Counterclaim on May 7, 2015.  See DE 54.  The pleadings are therefore closed.

On May 11, 2015, the Court denied Plaintiff's Motion for Summary Judgment.  See DE 50.  Plaintiff subsequently filed a Motion for Reconsideration, which the Court also denied.  See DE 88.  Defendants now move for Judgment on the Pleadings.  See DE 89.

## II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(c), after the pleadings are closed, a party may move for judgment on the pleadings if there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts.  See Fed. R. Civ. P. 12(c); Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).  A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss.  See ThunderWave, Inc. v. Carnival Corp., 954 F. Supp. 1562, 1564 (S.D. Fla. 1997).  Thus, in considering a Rule 12(c) motion, a court must accept all allegations in the complaint as true and construe them in the light most favorable to the nonmoving party.  Id.

In the Motion, as in the Counterclaim, Defendants seek a declaration that Plaintiff has a duty to defend them in the Date Palm Action.  Under Florida law, the duty to defend is an issue of law that turns upon the interpretation of the insurance policy and review of the underlying complaint.  James River Ins. Co. v. Bodywell Nutrition, LLC, 842 F. Supp. 2d 1351, 1353–54 (S.D. Fla. 2012).  The duty to defend arises when the underlying complaint alleges facts that potentially bring a dispute within the policy's

3

coverage.  Jones v. Fla. Ins. Guar. Ass'n, Inc., 908 So. 2d 435, 442–43 (Fla. 2005). Where an underlying complaint contains both covered and excluded allegations, the duty to defend is triggered with regard to the entire action.  Regions Bank v. Commonwealth Land Title Ins. Co., 977 F. Supp. 2d 1237, 1259 (S.D. Fla. 2013).  Any doubt regarding the duty to defend is resolved in favor of the insured.  Miranda Constr. Dev., Inc. v. Mid-Continent Cas. Co., 763 F. Supp. 2d 1336, 1339 (S.D. Fla. 2010).

## III. DISCUSSION

Defendants move for Judgment on the Pleadings as to Plaintiff's Complaint for Declaratory Relief and Count I of Defendants' Counterclaim for declaratory relief regarding (1) Plaintiff's duty to defend Defendants in the Date Palm Action, and (2) Plaintiff's obligation to reimburse Defendants for their attorney's fees and costs incurred in defense of the Date Palm Action.  Defendants also seek to be reimbursed for the reasonable attorneys' fees and costs incurred in their defense of the instant action and the prosecution of their Counterclaim.  The Court agrees that Defendants are entitled to Judgment on the Pleadings as to Plaintiff's duty to defend, but an award of attorneys' fees and costs incurred in the instant action is premature.

### A. Duty to Defend

No genuine issues of material fact are in dispute at this stage of the litigation. Plaintiff argues that it remains unsettled whether a policy issued by Allianz Global Corporate & Specialty ("Allianz Policy"[1]) affords primary coverage and whether Plaintiff would therefore have no duty to defend certain claims unless and until the Allianz Policy is exhausted, pursuant to the Policy's "other insurance" provision.  See DE 90 at 4–5.

---

[1] The applicable portion of the Allianz Policy is attached to the Complaint as Exhibit C, and is therefore appropriate for the Court to consider on a motion for judgment on the pleadings.

4

However, the Court has already considered and rejected this argument in its Order Denying Plaintiff's Motion for Summary Judgment.  Specifically, the Court found that the Allianz Policy also contains an "other insurance" provision and concluded that under Florida law, "the excess other insurance provisions in the Allianz Policy and National Union Policy render one another inert, and the excess other insurance clause in the Policy does not relieve National Union of a duty to defend."[2]  DE 55 at 12.

Having established that there are no material facts in dispute, the Court may proceed to render judgment based on the substance of the pleadings.  See Hawthorne, 140 F.3d at 1370.  Because the Court has already held that the Date Palm Complaint alleges an occurrence within the meaning of the Policy, Plaintiff can only avoid a duty to defend if all allegations in the Date Palm Complaint fall within one or more policy exclusions.  Consistent with its prior Order Denying Plaintiff's Motion for Summary Judgment [DE 55] and Order Denying Plaintiff's Motion for Reconsideration [DE 88] of that Order, the Court finds that some allegations in the Date Palm Complaint remain outside of the exclusions identified by Plaintiff, thereby triggering Plaintiff's duty to defend.  The Court will address each of these exclusions in turn.

In Count II of the Complaint, Plaintiff claims that the allegations in the Date Palm Complaint fall within the Policy's Expected or Intended Injury Exclusion, which excludes from coverage "Property Damage expected or intended from the standpoint of the Insured."  Compl. ¶¶ 32–33.  However, the Court has already established that "harm to Date Palm's nursery arising from Defendants' carelessness in using herbicides comes within this meaning of an 'accident,'" which includes "injuries or damage neither

---

[2] For the same reason, the Court rejects Count VIII ("Other Insurance" Provision) as basis for denying coverage, as well as Plaintiff's Second Affirmative Defense.

expected nor intended from the standpoint of the insured." DE 55 at 5 (citing State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So. 2d 1072, 1076 (Fla. 1998)). Therefore, such allegations of accidental harm do not fall within the Expected or Intended Injury Exclusion.

Count III maintains that coverage is barred by the Exclusion for Property Damage to Property Over Which the Insured Exercises Control. Compl. ¶¶ 37–38. As the Court concluded earlier, "whether Roma's alleged spraying of herbicide on Date Palm's plants from above represented the exercise of control over the property is arguable," and "[w]here, as here, the applicability of an exclusion is uncertain, the insurer is not relieved of its duty to defend." DE 55 at 9–10 (citing WPC Indus. Contractors, Ltd. v. Amerisure Mut. Ins. Co., 720 F. Supp. 2d 1377, 1380 (S.D. Fla. 2009)).

In Count IV, Plaintiff argues that the Policy Exclusion for Services Performed by or on Behalf of the Insured brings the allegations outside the scope of policy coverage. Compl. ¶¶ 42–43. The Court has previously established that Endorsement Thirteen overrides this exclusion, and "the Policy's exclusion for services performed on Defendants' behalf does not relieve [Plaintiff] of a duty to defend." DE 55 at 10–11.

Finally, Counts V through VII seek to relieve Plaintiff of its duty to defend under Policy Endorsements Seven and Thirteen. As the Court has already concluded, "though a number of the Policy's exclusions might have applied to claims in the Date Palm Action," including those in Endorsement Seven, "Endorsement Thirteen restores coverage at least for parts of those claims." Id. at 7–9, 13.

Because at least some of the allegations in the Date Palm Complaint fall within the scope of Policy coverage and are not otherwise excluded, the Court finds that

Plaintiff has a duty to defend Defendants in the Date Palm Action. Accordingly, Defendants are entitled to judgment on the pleadings as to Plaintiff's Complaint for Declaratory Judgment and Count I of Defendants' Counterclaim on the issue of Plaintiff's duty to defend. Defendants are therefore entitled to be reimbursed by National Union for the reasonable attorney's fees and costs that they incurred in their defense of the Date Palm Action.

### B.  Attorneys' Fees and Costs Under Fla. Stat. § 627.428

In the Motion, Defendants seek attorneys' fees and costs incurred in their defense of this action and prosecution of their Counterclaim, pursuant to Florida Statutes section 627.428. Because Plaintiff's duty to indemnify remains unresolved, such an award is premature.

Under section 627.428, an insured can recover attorneys' fees "[u]pon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured . . . as fees or compensation for the insured's . . . attorney prosecuting the suit in which the recovery is had." Fla. Stat. § 627.428(1). Attorneys' fees are properly recoverable in an action for declaratory judgment brought by an insurer where the insured prevails. See, e.g., Coppola v. Federated Nat'l Ins. Co., 939 So. 2d 1171, 1172 (Fla. 4th DCA 2006). But where, as here, the Court has established a duty to defend and a claim for a declaration that there is no duty to indemnify remains unresolved, a motion for attorneys' fees and costs under section 627.428 is not yet ripe for decision. See Axis Surplus Ins. Co. v. Contravest Const. Co., 877 F. Supp. 2d 1268, 1270 (M.D. Fla. 2012). Accordingly, the Court will deny without prejudice Defendants' request for attorneys' fees and costs incurred in this

action, allowing Defendants to renew the request, if appropriate, at the conclusion of the litigation.

### C. CONCLUSION

Based on the foregoing, this Court finds and declares that:

1. The allegations set forth in the Date Palm Action constituted an "occurrence," as that term is defined in the National Union Policy;

2. National Union had a duty to provide a defense to Florida Crystals Corporation and Sugar Farms Co-Op, from the date of the filing of the Date Palm Action on October 24, 2013, to the date settlement was concluded; and

3. Florida Crystals Corporation and Sugar Farms Co-Op are entitled to be reimbursed by National Union for the reasonable attorney's fees and costs incurred by them in their defense of the Date Palm Action from October 24, 2013, to the date settlement was concluded.

Pursuant to the findings and determination of this Court, it is accordingly

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Renewed Motion for Judgment on the Pleadings [DE 89] is **GRANTED in part** to the extent that it seeks the declarations set forth above.

2. Defendants' Renewed Motion for Judgment on the Pleadings [DE 89] is **DENIED in part, without prejudice**, to the extent that it seeks attorneys' fees and costs incurred in the instant action. Defendants may renew their motion for such attorneys' fees and costs, if appropriate, upon the conclusion of the litigation.

3. Partial judgment on the pleadings in favor of Defendants shall be entered in accordance with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of January, 2016.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF