UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-81134-CV-COHN/SELTZER

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

Plaintiff,

vs.

FLORIDA CRYSTALS CORPORATION, and
SUGAR FARMS CO-OP

Defendants.

_____/

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union"), by and through undersigned counsel and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rules 7.1 and 26.1(g) of the Local Rules, hereby files its Motion for Protective Order and Incorporated Memorandum of Law, and in support thereof states as follows:

### I.     Introduction and Summary of the Argument

1.     This case involves a dispute over National Union's duty to defend and indemnify Defendants under a Business Aircraft insurance policy issued by National Union.

2.     National Union's Complaint for Declaratory Relief, [D.E. 1], seeks a declaration that it has no duty to defend Defendants in connection with a state-court action.

3.     Defendants' Counterclaim, [D.E. 50], seeks a declaration that National Union has a duty to defend Defendants in connection with the state court action and that National Union is

required to provide coverage under the Policy for any of the damages arising from the state court action against Defendants.

4.     The Court has entered partial judgment on the pleadings in favor of Defendants on the issues concerning Plaintiff's duty to defend. [D.E. 96].

5.     As a result, the sole issue pending before this Court concerns National Union's duty to indemnify Defendants under the Policy for the amounts paid to resolve the claims in the Underlying Action.

6.     To that end, it is well-established that an insurer's duty to indemnify an insured in connection with an underlying action is to be decided based on the facts developed in the underlying action. *Sinni v. Scottsdale Ins. Co.,* 676 F. Supp. 2d 1319, 1325 (M.D. Fla. 2009).

7.     Thus, any discovery in this matter must be relevant to the issue of National Union's duty to indemnify and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

8.     However, Defendants now improperly seek discovery of information that is irrelevant to the duty to indemnify, but rather, akin to a bad faith action. *Diamond State Ins. Co. v. His House, Inc.*, 2001 WL 146837, at *2, (S.D. Fla. 2011).

9.     Specifically, Defendants unilaterally noticed the following depositions:

a.  Corporate Representative of National Union Fire Insurance Company of Pittsburgh, PA, for February 26, 2016. *See* Exhibit A.

b.  "Jeffrey David Sheets as Corporate Representative of National Union Fire Insurance Company of Pittsburgh, PA", for February 29, 2016. *See* Exhibit B.

c.  Thomas Strueber, Esq. of Weinberg, Wheeler, Hudgins, Gunn & Dial, for March 7, 2016. *See* Exhibit C. And,

     d. Chris Runnels, Claims Representative of AIG Aerospace, for March 7, 2016. *See* Exhibit D.

10.    Plaintiff hereby moves for a Protective Order to prohibit the above depositions from moving forward for the following reasons:

     a. The deposition of "National Union's Corporate Representative" is not relevant to the pending claims and defenses, and is certainly not proportionate to the needs of the case. All information sought is either protected by work product or attorney-client privilege, calls for legal conclusions, and is otherwise irrelevant to the issues concerning National Union's duty to indemnify.

     b. Thomas Strueber is an attorney with the undersigned law firm, and coverage counsel for National Union, who drafted a reservation of rights letter to Defendants. The deposition of Mr. Strueber must be precluded because his testimony is not relevant to the issues concerning coverage for indemnification of the underlying claim. Moreover, any information sought would be privileged by attorney client privilege or work product doctrine, including Plaintiff's coverage determination, handling of the claim, and contents of the claims file.

     c. The deposition of "Jeffrey David Sheets" as Corporate Representative is improperly noticed as it unilaterally categorizes Mr. Sheets as a "Corporate Representative," contrary to Federal Rule of Civil Procedure 30(b)(6).[1]

---

[1] Under Rule 30(b)(6) procedure for setting Corporate Representative Deposition states that:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. **The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.** A subpoena must advise a nonparty organization of its duty to make this

Moreover, as with the other proposed corporate representative deposition, it inquires into information that is protected by work product, calls for legal conclusions, and is otherwise irrelevant to this coverage action.

d.  The deposition of Chris Runnels, a claims representative for AIG[2] is not relevant to National Union's duty to indemnify the insureds, and is certainly not proportional to the needs of the case. It is being pursued as a fishing expedition and imposes harassment and undue burden upon Plaintiff and its representatives. Mr. Runnels has no independent knowledge of the factual issues pertaining to coverage. His knowledge of the Policy terms is irrelevant to the coverage issues in this matter, which are questions of law for the Court to decide. The claims file, and his knowledge of the contents thereof, is privileged, protected by work product doctrine, and otherwise irrelevant.

## II.     Argument and Memorandum of Law

### a.  Standard

Federal Rules of Civil Procedure 26(b)(1) permits the parties to obtain discovery regarding any matter, not privileged, which is relevant to the subject claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Courts do not tolerate or permit the use of the discovery process as a "mere fishing expedition or general inquisitorial examination of [their opponent and his] papers with a view to ascertaining whether something of value may or may not show up."

---

designation. The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added).

[2] AIG Aerospace Insurance Services, Inc. ("AIG") is the organization responsible for maintaining the aerospace insurance business of National Union.

*Scottsdale Ins. Co. v. Camara De Comercio Latino-Ameriana De Los Estados Unidos*, 813 S. 2d 250, 252 (Fla. 3d DCA 2002).

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense <u>and proportional to the needs of the case</u>, <u>considering the importance of the issues at stake in the action</u>, the amount in controversy, the parties' relative access to relevant information, the parties' resources, <u>the importance of the discovery in resolving the issues</u>, and <u>whether the burden or expense of the proposed discovery outweighs its likely benefit</u>. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

Rule 26(c), which addresses protective orders, provides that the court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression or undue burden or expense. *Diamond State Ins. Co.*, 2011 WL 146837, at *2. A party seeking to depose a corporate officer must first establish that the officer: (1) has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) that other less intrusive means of discovery have been exhausted without success. *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, (S.D. Fla. 2015).

Furthermore, "[f]ederal courts… have held that depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case." *Id*. This is why a party seeking an attorney's deposition "must demonstrate that the deposition is the *only* practical means available of obtaining the information." *Id*. (emphasis supplied). Moreover, the party seeking the deposition of an attorney has the burden to show "that the information sought 1) is relevant; 2) its needs outweighs the dangers of deposing a party's attorney; and 3)

the information sought will not invade the realm of the attorney's work product or interfere with the attorney-client privilege." *Id*.

Finally, under Florida law, which governs the substantive portions of this declaratory action, the construction of an insurance policy is a question of law to be determined by the court. *Id.* (citing Florida cases). An unambiguous insurance contract must be construed according to its plain terms, without resorting to extrinsic evidence. *Id*. In addition, an insurer's duty to defend an insured is determined from the allegations of the complaint brought against the insured. *Id.* (applying Florida law). A duty to indemnify is "not determined by mere allegations but by the facts" in the underlying tort action adduced at trial or developed through discovery during the underlying litigation. *Id.*

**b. Any information sought from the proposed deponents is irrelevant to this coverage action and is otherwise privileged**

The proposed deponents' knowledge of the claims file, handling of the insureds' claim, and any testimony related to the interpretation of the National Union Policy provisions or basis for National Union's denial of coverage are irrelevant to the question of whether the policy obligates National Union to indemnify the insured for some particular loss or liability. *Diamond State Ins. Co.*, 2001 WL 146837, at *2; *Kennedy v. Provident Life*, 2009 WL 3048683, *2 (S.D. Fla. Sept. 18, 2009) (documents and testimony regarding the insurer's claims handling or general business are irrelevant to the issue of whether the insured is entitled to coverage claimed and may only be relevant to a claim of bad faith) (citing Florida law).

Defendants' request for testimony amounts to premature bad faith discovery which is impermissible during a coverage action. *Scottsdale Ins. Co. v. Camara De Comercio Latino-Americana De Los Estados Unidos, Inc.*, 813 So. 2d 250, 251 (Fla. 3d DCA 2002) (the corporate representative of the insurer cannot be compelled to testify regarding the insurer's claims files,

internal claims documents, and work product when coverage is at issue); *see also State Farm Fire & Cas. Co. v. Valido,* 662 So. 2d 1012 (Fla. 3d DCA 1995) (quashing order compelling discovery of insurer's claims files, internal claims documents, and work product when coverage was at issue); *Royal Bahamian Assoc. v. BE Ins. Corp*. 2010 WL 4179312, *1 (S.D. Fla. Oct. 25, 2010) ("evidence of an insurance company's claims handling procedures is irrelevant to the determination of coverage and damages."); *Granada Ins. Co. v. Ricks*, 12 So. 3d 276, 276 (Fla. 3d DCA 2009) (the court held that injured party could not depose insurer while coverage issue was pending based on universally applied rule that discovery which concerns only potential issues of bad faith or other purported improprieties in defending claim are wholly impermissible unless and until it is determined that policy indeed provided coverage); *Gov't Employees Ins. Co. v. Rodriguez*, 960 So. 2d 794, 795-96 (Fla. 3d DCA 2007).

Thus, courts should preclude the deposition of an insurer's representative in a coverage action. *Diamond State Ins. Co.*, 2001 WL 146837, at *2; *see also Payroll Mngmt. Inc. v. Lexington Ins. Co.*, 2011 WL 1405146 at *3 (N.D. Fla. 2011).

In *Diamond*, the insurer filed a declaratory judgment action in the Southern District of Florida with respect to a Professional Liability Policy and Commercial General Liability Policy seeking a declaration that it had no duty to defend or indemnify its insureds under the policies in a pending state court action.  2011 WL 146837, at *1.  The insureds subsequently sought to compel the insurer to produce a corporate representative for deposition in the coverage action pursuant to Federal Rule of Civil Procedure 30(b)(6). *Id*. at *2.

The insured sought to depose the insurer's corporate representative about the (1) policies at issue in this cause; (2) the issuance and procurement of the policies, including the insurer's underwriting considerations in issuing the policies and setting the premiums; (3) the insurer's

interpretation of the policies, which interpretations their declaratory action is based on; (4) the insured's application for the insurance policies and all information disclosed therein and in the overall application process, including the potential liability for the claim giving rise to this action; and (5) the insurer's handling of the insured's claim and ultimate denial thereof. *Id.* at *3.

In response, the insurer asserted that the deposition topics identified by the insured were not relevant to the action because actions seeking an interpretation of an insurance contract are a matter of law and are resolved by the court through the plain language of the contract. *Id.* Thus, the insurer asserted that the interpretation of the policy by insurer's corporate representative was not relevant. Further, the insurer argued that the insured's request is akin to bad faith discovery which is impermissible as premature during the resolution of a coverage action, and also objects to the extent that the insured sought to discover privileged information. *Id.*

The Court agreed with the insurer, and denied the insured's motion to compel a 30(b)(6) corporate representative deposition of the insurer. *Id.*  The Court rejected the insured's argument that the policies were ambiguous and thus required extrinsic evidence for interpretation. The court determined that it must resolve the dispute about coverage based upon the plain language of those policies without resort to extrinsic evidence, including any interpretation by the insurer's corporate representative regarding the language or terms of the policies. *Id.*

In addition, the court noted that there was no bad-faith claim raised, nor allegations of misrepresentation or fraud either of which may necessitate a corporate representative deposition. *Id.*  Rather, the court clarified that "the only issue is whether there is coverage under the relevant polices, or if, based upon the plain language of those policies, coverage, in the form of defending or indemnifying the insured, exists." *Id.* at *4.

Similarly, in *Scottsdale* the Florida Third District Court of Appeal quashed an order of the trial court compelling an insurer to turn over its claims file and submit its counsel and corporate representative to deposition because the issue of coverage was still pending in a declaratory judgment action. 813 So. 2d 250. As the Court explained:

> The discovery sought is of dubious relevance and no showing has been made for its need in a declaratory action which presents legal issues and will likely be decided on the court's interpretation of the insurance contract and the type of action pursued by Remus. Counsel for Remus and Latin Chamber are not entitled to utilize the discovery process for a "mere fishing expedition or general inquisitorial examination of [their opponent and his] papers with a view to ascertaining whether something of value may or may not show up."

*Scottsdale Ins. Co.,* 813 So. 2d at 252.

As in *Diamond* and *Scottsdale*, the proposed deponents' knowledge of the claims file, handling of the insureds' claim, and any testimony related to the interpretation of the National Union Policy provisions or the basis for National Union's denial of coverage are irrelevant to the question of whether the policy obligates National Union to indemnify the insured for some particular loss or liability.  Furthermore, Defendants' Notices of Deposition seek information pertaining to interrogatories and document requests to which Plaintiff has already objected on the basis that the information sought was not relevant to the issues in this action, and otherwise called for legal conclusions which were not the appropriate subject of discovery.[3]

Additionally, deposing opposing counsel in the midst of an ongoing proceeding is generally offensive to our adversarial system and is an extraordinary step which will rarely be

---

[3] Documents sought by Defendants through depositions duces tecum are improper for this reason as well. Furthermore, counsel for the parties conferred before Defendants served their Notices of Depositions and were able to resolve certain issues related to Defendants' initial interrogatories and requests for production to Plaintiff. Thus, to the extent any of the documents requested are discoverable, there is a reasonable alternative and less intrusive means to obtaining the documents by serving discovery pursuant to Rule 34. *Sun Capital Partners, Inc.*, 310 F.R.D. 523.

justified. *Scottsdale,* 813 So. 2d at 252.  *Sun Capital Parnters, Inc.*, 310 F.R.D. at 524. It simply belies common sense for Defendants to seek deposition testimony from National Union's coverage counsel in a coverage action, related to the issues of coverage, while the coverage action is still pending.  Any information sought would necessarily be protected as work product or otherwise would be protected by attorney-client privilege.

 This same reasoning and authority necessarily applies to the testimony that an insurer's corporate representative will be asked to provide at his or her deposition in a coverage action. *Id.* at 251. National Union's representatives cannot be compelled to testify as to the privileged matters and matters that have no bearing on the issues of coverage. *Id.*

This declaratory action is a first-party suit regarding insurance coverage. Until this question of coverage is determined, production of the claims file, and any discovery related thereto, is premature and improper. Indeed, it is prejudicial to allow bad faith discovery before the determination of coverage. *Royal Bahamian Assoc.,* 2010 WL 4179312 at *1; *Kennedy*, 2009 WL 3048683 at *2; *Granada Ins. Co.*, 12 So. 3d at 276; *Scottsdale Ins. Co*, 813 So. 2d at 251; *Gov't Employees Ins. Co.,* 960 So. 2d at 795-96; *Valido*, 662 So. 2d at 1013; *General Star Indemnity Co. v. Anheuser-Busch Co., Inc.*, 741 So. 2d 1259, 1261 (Fla. 5th DCA 1999) (for both first party and third party bad faith claims against insurers, issues of coverage and liability must be determined before a bad faith claim can be prosecuted; discovery of an insured's claim file is not permissible until the insurer's obligation to provide coverage has been established).

However, this is exactly what Defendants are attempting to do here. The discovery sought is simply an effort to conduct a fishing expedition regarding the claims handling practice of Plaintiff, harass Plaintiff and its representatives, and impose undue burden and expense simply for the purpose of determining whether something of value "may or may not show up."

There are no pending claims or defenses to justify the relevance of the testimony sought from any representative or agent of National Union regarding the investigation of the underlying claim, claims file, interpretation of the policies, coverage opinion, or any other information sought.  The declaratory action does not allege a claim for bad faith, misrepresentation, or fraud. Further, the Defendants have the most knowledge of the information communicated to National Union and disclosed by it to National Union during the investigation of the claim.

In sum, the information sought from the deponents is irrelevant to this coverage action, calls for improper legal conclusions, and is otherwise protected by the work product doctrine and attorney-client privilege.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting Plaintiff's Motion for Protective Order and precluding the depositions of (1) National Union's Corporate Representative; (2) Jeffrey Sheets as Corporate Representative of National Union; (3) Thomas Strueber, Esq.; and (4) Chris Runnels, and any further relief this Court deems just and proper.

Dated February 19, 2016.

Respectfully Submitted,

*/s/ Seth V. Alhadeff*
SETH V. ALHADEFF
salhadeff@wwhgd.com
Florida Bar No. 525235
ALEXANDER HEYDEMANN
aheydemann@wwhgd.com
Florida Bar No.: 0111544
*Counsel for National Union*
2601 S. Bayshore Drive
Suite 1500
Miami, Florida 33133

11

t. 305-455-9500/ f. 305-455-9501

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing was served by CM/ECF on **February 19, 2016**, on all counsel or parties of record on the Service List below.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY, that the undersigned has made reasonable efforts to confer with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion both orally and in writing and has been unable to do so.

Dated February 19, 2016.

Respectfully Submitted,

*/s/ Seth V. Alhadeff*
SETH V. ALHADEFF
salhadeff@wwhgd.com
Florida Bar No. 525235
ALEXANDER HEYDEMANN
aheydemann@wwhgd.com
Florida Bar No.: 0111544
*Counsel for National Union*
2601 S. Bayshore Drive
Suite 1500
Miami, Florida 33133
t. 305-455-9500
f. 305-455-9501

## Service List

C. Brooks Ricca, Jr.
C. Brooks Ricca Jr. & Associates, P.A.
*Counsel for Defendants*
bricca@riccalawyers.com
1615 Forum Place, Suite 200
West Palm Beach, Florida 33401
t. 561.833.4555
f. 561.833.4524