UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-81134-CV-COHN/SELTZER

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

        Plaintiff,

vs.

FLORIDA CRYSTALS CORPORATION, and
SUGAR FARMS CO-OP

        Defendants.
_____/

**PLAINTIFF, NATIONAL UNION'S, REPLY IN SUPPORT
OF ITS MOTION FOR PROTECTIVE ORDER**

Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union"), by and through undersigned counsel, hereby files its Reply in Support of its Motion for Protective Order and states as follows:

### I. Introduction

Defendants' Response confirms the purpose of Plaintiff's Motion for Protective Order. Quite blatantly, Defendants admit that the discovery sought pertains to "bad faith" and Plaintiff's purported "breach of its duties" in handling the insureds' claim wherein the insureds seemingly seek extra-contractual damages.[1] Notably, not a single argument in the nine (9) page single-spaced response references the facts related to the Underlying Action.

As set forth in Plaintiff's Motion, it is well-established that a claim for "bad faith", and any related discovery, is premature and improper prior to a coverage determination. *See also Royal*

---

[1] Defendants' Response [D.E. 110] at pp. 4, 5 ("those depositions seek testimony concerning who knew what, when did they know it and what did they do with it. This discovery relates to the Plaintiff's contractual, common law, and statutory duties to its insured."); *id. at*, 6 ("Defendants are not involved in a narrow declaratory action concerning coverage…but are involved in a broader and very significant claim against their insurer …caused significant damages, in excess of a million dollars.").

*Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 745 F. Supp. 2d 1380, 1381-82 (S.D. Fla. 2010); *Bartam, LLC v. Landmark Am. Ins. Co.*, 2011 WL 528206, at *3 (N.D. Fla. 2011). Furthermore, Defendants' argument that the attempted depositions of Plaintiff's corporate representatives or its coverage counsel relate to their affirmative defenses or counterclaim fails for several reasons: (1) All issues pertaining to the duty to defend are moot due to this Court's Order of January 19, 2016, [D.E. 96], which include Defendants' affirmative defenses asserting "waiver or estoppel" due to "claims handling" thereto; (2) As Plaintiff has consistently maintained, [D.E. 76], Florida's Claims Administration Statute, Fla. Stat. section 627.426(2), is inapplicable to this matter because Plaintiff has not raised a "coverage defense" as that term is used under section 627.426(2); and, (3) "Bad faith" discovery is premature and improper in this coverage action.

Defendants fail to refute the issues raised in Plaintiff's Motion, but rather, go on at lengths discussing their frustration with the alleged "bad faith" handling of the underlying claim. Defendants' Response is simply a prolonged explanation of their intention to seek premature and improper bad faith discovery in this coverage action and to otherwise harass Plaintiff and its representatives.

## II.   Argument

### A. Florida's Claims Administration Statute and "Bad Faith" Allegations are Irrelevant to this Coverage Action

This coverage action concerns whether the Policy affords coverage for the damages in the Underlying Action. As Plaintiff has consistently maintained, it has not raised a "coverage defense" as that term is used under Florida Statutes section 627.426(2).[2] Rather, Plaintiff contends that the damages in the Underlying Action do not represent covered losses under the terms of the Policy.

---

[2] *See AIU Ins. Co. v. Block Marina, Inv., Inc.,* 544 So. 2d 998 (Fla. 1989) ("we hold that the term "coverage defense," as used in section 627.426(2), means a defense to coverage that otherwise exists. We do not construe the term to include a disclaimer of liability based on a complete lack of coverage of the loss sustained … its failure to comply with the requirements of the statue will not bar an insurer from disclaiming liability where a policy or endorsement has expired or where coverage sought is expressly excluded or otherwise unavailable under the policy or under existing law.").

Therefore, Defendants' arguments based on Florida's Claims Administration Statute are meritless and inapplicable to this matter. Similarly, Defendant cannot interject "bad faith" allegations while a coverage determination is still pending. Thus, the sought after discovery is improper.

### B. **Plaintiff's Discovery Requests Relate to the Facts in the Underlying Action**

Defendants improperly attempt to use Plaintiff's document requests as grounds for Plaintiff's corporate representative depositions. Plaintiff requested the referenced documents because they concern the **facts in the Underlying Action** and may contain related party admissions. Indeed, Defendants fail to recognize a crucial point: **Defendants were parties to the Underlying Action**; Plaintiff was not. Defendants, and their representatives (including William Tarr who was disclosed by Defendants in their initial disclosures [D.E. 26]), may have direct personal knowledge of the underlying facts that are relevant to this coverage action.[3] Those matters include the facts and discovery in the Underlying Action.

Defendants' argument to the contrary is simply another attempt to permit unfettered, improper, and premature bad faith discovery in this coverage action. Furthermore, the "thousands of pages" produced by Defendants simply included the depositions in the underlying action, hearing transcripts, and other documents relating to the **facts developed in the Underlying Action**, as set forth extensively in Plaintiff's Motion to Compel. [D.E. 97].

### B. **Defendants have No Right to Depose Plaintiff's Representatives Regarding Coverage**

Defendants' attempt to distinguish *Diamond* and other authority cited by Plaintiff is equally unavailing. Defendants repeatedly assert that Plaintiff has somehow acted inconsistently with its duties as an insurer by filing the instant action and leaving the Defendants "high and dry." Response at p. 6. Defendants are seemingly referring to Plaintiff's decision to deny coverage and file the

---

[3] Certain documents requested by Plaintiff cited documents listed in Defendants' initial disclosures. For example, correspondence authored by William Tarr, who apparently acts as both Vice President and General Counsel to Florida Crystals, and could have direct knowledge of the facts pertaining to the Underlying Action.

instant action regarding its duty to defend; however, Plaintiff acted wholly within its rights as an insurer under Florida law. More importantly, the consequence of, and circumstances surrounding, Plaintiff's coverage determination and litigation strategy are irrelevant to the issues raised before this Court, and are otherwise protected by the work product doctrine and attorney-client privilege. Plaintiff is at a loss as to how such argument has any bearing on the coverage issues in this case like those presented in *Diamond*. Likewise, Defendants' vague allusion to "extrinsic evidence" is unfounded, as there is no issue (nor has there been an argument raised) that the terms of the Policy are ambiguous requiring extrinsic evidence.

To the extent Defendants rely on their reference to the Allianz policy, the effect of the "other insurance" provisions in the policies calls for a legal conclusion based on the terms of the policies. Indeed, as this Court has already held, the "other insurance" provisions cancel each other out. [D.E. 96]. As a result, National Union can only be held liable to Defendants for a pro rata share based on the policy limits. These are matters of law for the Court to decide and do not depend on the knowledge of Plaintiff's representatives.

Moreover, Defendants assert that they "have every right to depose these corporate witnesses to determine whether the Plaintiff's representatives were in possession of the relevant facts upon which they should have made a decision concerning these Defendants available insurance coverage." Response at p.6.  Defendants do not cite any authority for this proposition, because, in fact, they do not have this right. *Diamond State Ins. Co.*, 2001 WL 146837, at *2; *Kenedy v. Provident Life*, 2009 WL 3048683, at *2 (S.D. Fla. Sept. 18, 2009).   This is not a "bad faith" action. The depositions sought necessarily inquire into the claims file and insurer's investigation of the claim for the purpose of assessing "bad faith".  As set forth in Plaintiff's Motion, this is exactly the type of discovery that is prohibited in a coverage action.

### C. Defendants have No Right to Depose Plaintiff's Coverage Counsel Regarding Coverage Issues

Finally, Defendants' arguments related to the attempted deposition of Plaintiff's coverage counsel (a member of the undersigned firm) are meritless and equally perplexing. How the fact that a coverage attorney for Plaintiff is located in the Atlanta office of the undersigned law firm in any way distinguishes this case from the authority cited by Plaintiff is nonsensical. Defendants' accusation that having local Florida attorneys of the firm represent Plaintiff in this action is somehow improper, and " absolutely appropriate and relevant for the deposition" without any suggestion as to how or why, or citation to authority for that matter, is equally baffling.

All communications by and between Plaintiff and its coverage counsel are work product, privileged, and irrelevant to this coverage action. And, even assuming *arguendo* communications between Plaintiff's coverage counsel and *Defendants' attorney* are discoverable, Defendants can simply refer to the written correspondence in their possession or speak to their lawyer. There is no additional information that can reasonably be sought from the deposition of Mr. Strueber that would add to the issues pending before this Court.

### D. The Topics and Subject Matter Raised by Defendants' Notices are Improper

Finally, Defendants do not address the fact that the Notices otherwise inquire into improper subject matters. For example, the Notice of "Jeffrey David Sheets as Corporate Representative" seeks information on Plaintiff's Answers to Interrogatories executed on July 15, 2015. These answers were served at the time Plaintiff filed its Motion to Stay discovery concerning the duty to indemnify, [D.E. 70]. Thus, not only is this subject inappropriate because the answers contain legal objections, which is protected by work product and attorney-client privilege, but the parties have already agreed that Plaintiff will serve updated answers now that the stay has been lifted. Therefore, in addition to and independent of the above, this deposition must be precluded because it is moot and inquires into privileged topics.

Likewise, the second "Corporate Representative" Notice attempts to obtain information regarding Plaintiff's contention that the Complaint does not trigger the duty to defend, and otherwise calls for legal conclusions. First, all issues regarding the duty to defend are moot. Moreover, the request seeks information protected by the work product doctrine, and attorney-client privilege, concerning litigation strategy, mental impressions, and the legal rationale supporting Plaintiff's coverage opinion. These topics are wholly improper for a corporate representative deposition. Therefore, in addition to and independent of the above arguments, this deposition must be precluded.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting Plaintiff's Motion for Protective Order, and any further relief this Court deems just and proper.

Dated March 3, 2016.

> Respectfully Submitted,
>
> */s/ Seth V. Alhadeff*
> SETH V. ALHADEFF
> salhadeff@wwhgd.com
> Florida Bar No. 525235
> ALEXANDER HEYDEMANN
> aheydemann@wwhgd.com
> Florida Bar No.: 0111544
> *Counsel for National Union*
> 2601 S. Bayshore Drive
> Suite 1500
> Miami, Florida 33133
> t. 305-455-9500/ f. 305-455-9501

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing was served by CM/ECF on **March 3, 2016**, on all counsel or parties of record on the Service List below.

Respectfully Submitted,

*/s/ Seth V. Alhadeff*
SETH V. ALHADEFF
salhadeff@wwhgd.com
Florida Bar No. 525235
ALEXANDER HEYDEMANN
aheydemann@wwhgd.com
Florida Bar No.: 0111544
*Counsel for National Union*
2601 S. Bayshore Drive
Suite 1500
Miami, Florida 33133
t. 305-455-9500
f. 305-455-9501

## Service List

C. Brooks Ricca, Jr.
C. Brooks Ricca Jr. & Associates, P.A.
*Counsel for Defendants*
bricca@riccalawyers.com
1615 Forum Place, Suite 200
West Palm Beach, Florida 33401
t. 561.833.4555
f. 561.833.4524